IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,853-01






EX PARTE MARTIN MENDOZA REYNOZA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR 08A-010 IN THE 222ND DISTRICT COURT


 FROM DEAF SMITH COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to ninety-nine years' imprisonment. The Seventh Court of Appeals affirmed his
conviction. Reynoza v. State, 07-08-00452-CR (Tex. App.--Amarillo delivered Sep. 3, 2009). 

 Applicant contends that he was denied the right to file a petition for discretionary review
(PDR) to this Court because counsel failed to timely advise him of the appellate court's opinion and
his right to file a pro se PDR. Appellate counsel submitted an affidavit to the habeas court stating
that he mailed a timely letter to Applicant dated September 8, 2009 advising him of the appellate
opinion, his right to file a pro se PDR, and the applicable deadlines. However, Applicant has also
provided a response to his inquiry to the mail room stating that Applicant received no incoming mail
from April 1, 2009 through November 18, 2009. It appears that counsel's letter may not have
reached Applicant and he might be entitled to an out-of-time PDR based on a break down in the
system.

 Applicant has alleged facts which, if true, might entitle him to relief. Ex parte Riley, 193
S.W.3d 900 (Tex. Crim. App. 2006). In these circumstances, additional facts are needed. As we
held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. 

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit and obtain mail room logs showing whether Applicant received any mail from the time
period of September 1, 2009 through November 1, 2009 and if so, whether any of that incoming mail
was from appellate counsel. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant received a letter from
appellate counsel within the available time frame to file a pro se PDR. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: February 26, 2014

Do not publish